(31 Abb. N. C. 1.)

### MUNROE et al. v. BONANNO et al.

(Supreme Court, Special Term, New York County. September. 1893.)

LIENS—FOR ADVANCES.

Plaintiffs gave acceptances to defendant to enable him to purchase goods, and drew on him against the acceptances, accompanying the drafts with the invoices and bills of lading of the goods purchased. After defendant had accepted plaintiffs' drafts, plaintiffs surrendered the invoices and bills of lading, and took defendant's receipt, stating that defendant agreed to hold the goods on storage as the property of plaintiffs until their acceptances should be paid or satisfactorily provided for, with the privilege of selling the goods and handing the proceeds over to plaintiffs. *Held,* that such agreement gave plaintiffs a lien on the goods which was superior to the claim of a person who subsequently made advances to defendant on his representation that he was the owner of the goods.

Action by John Munroe, Henry W. Munroe, Edward Kern, and Edgar Lockwood against Domenico Bonanno, Edward M. Brown, George A. Phelps, Frank Phelps, Charles H. Phelps, Howard Phelps, Thomas C. Phelps, Alexander Phelps, Charles H. Phelps, Jr., and Albert A. Guild. Plaintiffs move for an injunction pendente lite to restrain defendant Brown from paying over the proceeds of certain merchandise to defendants Phelps Bros. & Co., or to any person other than plaintiffs. Granted.

The complaint alleged: (1) That plaintiffs were copartners, transacting business as bankers in the cities of New York and Paris, France, under the firm name and style in the city of New York of John Munroe & Co., and in Paris, France, of Munroe & Co.; and that defendant Edward M. Brown was an auctioneer in New York city under the firm name of Brown & Seccomb; and that defendants Phelps and Guild were copartners transacting business in the city of New York under the firm name of Phelps Bros. & Co. (2) That at Paris, France, the plaintiffs, under their said firm name of Munroe & Co., drew certain bills of exchange on defendant Domenico Bonanno, payable 75 days after date to the order of plaintiffs, under their firm name of John Munroe & Co. (3) That each of said bills of exchange was duly transmitted by said Paris house of these plaintiffs to these plain-

tiffs in the city of New York, and was duly received by them, accompanied in each instance by a certified invoice and bill of lading of certain fruit. (4) That each of said bills of exchange was duly presented before maturity to said Domenico Bonanno for acceptance, and each thereof was duly accepted by him in writing, for value, and delivered to plaintiffs before the maturity of the acceptance. That said bills of exchange were drawn against acceptances given by plaintiffs at their Paris house under their Paris firm name of Munroe & Co., as the purchase money of the merchandise referred to in said invoices and bills of lading, at the request of said Domenico Bonanno, and under a credit issued to him by these plaintiffs. (5) That after the acceptance of said bills of exchange plaintiffs delivered to said Bonanno, at his request, the certified invoices and bills of lading, but received back from said Bonanno in each instance a receipt in writing for the goods specified in said invoices and bills of lading respectively, by which he agreed to hold the merchandise on storage as the property of plaintiffs, in trust until the acceptances of said Munroe & Co. of Paris, France, given as the purchase money of said merchandise, should be paid or satisfactorily provided for, and that he should be at liberty to sell the said merchandise, in which event, however, the proceeds, when received, were to be handed to plaintiffs; and that said receipts further provided that it was the intention of said arrangement to protect and preserve unimpaired the title of plaintiffs to the said merchandise. (6) That afterwards defendant Bonanno placed said merchandise in the hands of the defendant Edward M. Brown, under his firm name of Brown & Seccomb, for sale, and that said defendant Brown has sold the said merchandise on terms of credit, which have not yet expired. (7) That defendant Bonanno has instructed defendant Brown to pay the proceeds of the merchandise over to the defendants Phelps Bros. & Co. instead of plaintiffs, and that said Brown has agreed so to do. (8) That said defendant Bonanno threatens to deprive plaintiffs of the proceeds of such sales, and to divert the same to defendants Phelps Bros. & Co. through the aid and assistance of said defendant Brown, and, unless restrained from so doing, it will be to the material and irreparable injury of plaintiffs, who have no adequate remedy at law, inasmuch as the acceptances of said Bonanno are not yet due, and plaintiffs would, by reason of such diversion, be deprived of their security. Plaintiffs therefore pray judgment that the defendants Domenico Bonanno and Edward M. Brown may be enjoined and restrained from paying over the proceeds of said sales of merchandise to the defendants Phelps Bros. & Co., or to any person or persons other than these plaintiffs; and that they be required to pay said proceeds to these plaintiffs, pursuant to the terms of said trust receipts aforesaid; and that plaintiffs may have such other and further relief as to the court may seem proper, together with their costs and disbursements herein.

Defendants Phelps Bros. & Co. claim that they were entitled to the proceeds of the sale of fruit by reason of having made advances to defendant Bonanno at his request and on his representation that the fruit had been consigned to him.

Stern & Rushmore, for plaintiffs.
Rochfort & Stayton, for defendants.

INGRAHAM, J. I think it clear that under the agreement between plaintiffs and the defendant Bonanno the plaintiffs acquired a lien upon the merchandise referred to in the complaint for the amount of their advances to Bonanno, superior to that of any one whose interest in the property was subsequently acquired. It seems to me also clear that Phelps Bros. & Co. never acquired a lien upon the property in question. They made the advances to Bonanno upon the faith of his representations that he was the owner of the property, and his promise to repay them out of the proceeds realized upon the sale of the goods. No specific lien was

acquired. Under such circumstances the plaintiffs are entitled to be paid the amount due them out of the proceeds of the sale of the property, which right is superior to that of either the defendants Phelps Bros. or the defendant Bonanno. Injunction granted.